## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| SECURUS TECHNOLOGIES, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>GLOBAL TEL*LINK CORPORATION,<br><br>*Defendant*. | CIVIL ACTION NO.<br><br>3:13-cv-03009-K<br><br>(JURY DEMANDED)<br><br>**ECF** |

### DEFENDANT GLOBAL TEL*LINK CORPORATION'S
### ANSWER TO ORIGINAL COMPLAINT AND COUNTERCLAIMS

Defendant Global Tel*Link Corporation ("GTL") hereby answers the Original Complaint for Patent Infringement brought by Securus Technologies, Inc. ("Securus"). Additionally, GTL hereby asserts counterclaims for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 7,899,167 ("the '167 patent"); 7,860,222 ("the '222 patent"); 8,031,850 ("the '850 patent"); and 7,805,457 ("the '457 patent") (collectively, "the Securus Patents"); for declaratory judgment of unenforceability of the '167 patent; for breach of contract; and for patent infringement of U.S. Patent Nos. 7,085,359 ("the '359 patent"); 7,039,171 ("the '171 patent"); and 7,742,581 ("the '581 patent") (collectively, "the GTL Patents"). With respect to the allegations made in the Original Complaint, GTL states as follows:

### PARTIES

1.     Denied. GTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Original Complaint.

2.      GTL admits that it is a Delaware corporation and that it has a registered agent in Texas named Incorp Services, whose mailing address is 815 Brazos Street, Suite 500, Austin, Texas 78701.  GTL denies the remaining allegations in paragraph 2 of the Original Complaint.

## JURISDICTION AND VENUE

3.      GTL admits that this action purports to be based on the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and that this Court has original and exclusive subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

4.      GTL admits that it maintains a place of business in the Northern District of Texas. GTL denies the remaining allegations in paragraph 4 of the Original Complaint.  Securus's statement regarding personal jurisdiction in paragraph 4 of the Original Complaint is a legal conclusion to which no response is required.  To the extent a response is required, GTL admits that it is subject to the personal jurisdiction of this Court.

5.      Securus's statement regarding venue in paragraph 5 of the Original Complaint is a legal conclusion to which no response is required.  To the extent a response is required, GTL admits that venue is proper in this District.

## PATENT INFRINGEMENT

6.      GTL admits that the '167 patent bears the title "Centralized Call Processing"; that the '167 patent lists an issuance date of March 1, 2011; and that what appears to be a copy of the '167 patent was attached to the Original Complaint as Exhibit A.  GTL denies that the '167 patent was duly and legally issued after a full and fair examination.  GTL denies the remaining allegations in paragraph 6 of the Original Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

7.      GTL admits that the '222 patent bears the title "Systems and Methods for Acquiring, Accessing, and Analyzing Investigative Information"; that the '222 patent lists an issuance date of December 28, 2010; and that what appears to be a copy of the '222 patent was attached to the Original Complaint as Exhibit B.  GTL denies that the '222 patent was duly and legally issued after a full and fair examination.  GTL denies the remaining allegations in paragraph 7 of the Original Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

8.      GTL admits that the '850 patent bears the title "Systems and Methods for Visitation Terminal User Identification"; that the '850 patent lists an issuance date of October 4, 2011; and that what appears to be a copy of the '850 patent was attached to the Original Complaint as Exhibit C.  GTL denies that the '850 patent was duly and legally issued after a full and fair examination.  GTL denies the remaining allegations in paragraph 8 of the Original Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

9.      GTL admits that the '457 patent bears the title "System and Method for Identifying Members of a Gang or Security Threat Group"; that the '457 patent lists an issuance date of September 28, 2010; and that what appears to be a copy of the '457 patent was attached to the Original Complaint as Exhibit D.  GTL denies that the '457 patent was duly and legally issued after a full and fair examination.  GTL denies the remaining allegations in paragraph 9 of the Original Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

10.      Denied.  GTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Original Complaint.

11.      GTL admits that it sells or offers to sell certain specialized products and services for correctional institutions in competition with Securus. GTL denies the remaining allegations in paragraph 11 of the Original Complaint.

12.      Paragraph 12 of the Original Complaint does not contain allegations to which a response is required.  To the extent a response is required, GTL denies the allegations in paragraph 12 of the Original Complaint.

## CAUSES OF ACTION

### Count One – Infringement of '167 Patent

13.      In response to paragraph 13 of the Original Complaint, GTL incorporates by reference paragraphs 1 through 12 of this Answer as if fully set forth here.

14.      Denied.

### Count Two – Infringement of '222 Patent

15.      In response to paragraph 15 of the Original Complaint, GTL incorporates by reference paragraphs 1 through 12 of this Answer as if fully set forth here.

16.      Denied.

### Count Three – Infringement of '850 Patent

17.      In response to paragraph 17 of the Original Complaint, GTL incorporates by reference paragraphs 1 through 12 of this Answer as if fully set forth here.

18.      Denied.

## Count Four – Infringement of '457 Patent

19.     In response to paragraph 19 of the Original Complaint, GTL incorporates by reference paragraphs 1 through 12 of this Answer as if fully set forth here.

20.     Denied.

## REMEDIES

21.     Denied.

22.     Securus's request for a permanent injunction in paragraph 22 of the Original Complaint is not an allegation to which a response is required.  To the extent a response is required, GTL denies that Securus is entitled to any of the requested relief.  GTL further denies the remaining allegations in paragraph 22 of the Original Complaint.

23.     Paragraph 23 of the Original Complaint does not contain allegations to which a response is required.  To the extent a response is required, GTL denies the allegations in paragraph 23 of the Original Complaint.

## COSTS, INTEREST, AND ATTORNEY'S FEES

24.     Paragraph 24 of the Original Complaint does not contain allegations to which a response is required.  To the extent a response is required, GTL denies the allegations in paragraph 24 of the Original Complaint.

## JURY DEMAND

25.     Paragraph 25 of the Original Complaint does not contain allegations to which a response is required.  To the extent a response is required, GTL denies the allegations in paragraph 25 of the Original Complaint.  GTL demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

Securus's requests following paragraph 25 of the Original Complaint (as set forth in a list of items numbered 1-10) do not contain allegations to which a response is required.  To the extent a response is required, GTL denies that Securus is entitled to any of the requested relief. Each averment and/or allegation contained in Securus's Original Complaint that is not specifically admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE I
### (Invalidity)

26.     Each of the Securus Patents is invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### AFFIRMATIVE DEFENSE II
### (No Infringement)

27.     GTL does not infringe any valid claim of any of the Securus Patents.

### AFFIRMATIVE DEFENSE III
### (Prosecution History Estoppel)

28.     Securus is estopped from construing or interpreting the claims to cover any acts of GTL by reason of proceedings in the U.S. Patent and Trademark Office ("PTO") during prosecution and/or review of the applications upon which the patents issued, and the admissions and representation made therein to the PTO on behalf of the applicants.

## AFFIRMATIVE DEFENSE IV
### (Laches, Waiver, Estoppel, and Acquiescence)

29.    Securus's claims for relief are barred in whole or in part by the doctrines of

laches, waiver, estoppel, or acquiescence due to its failure to timely assert the patents.

## AFFIRMATIVE DEFENSE V
### (Failure To Provide Notice Pursuant to 35 U.S.C. § 287)

30.    Securus's ability to recover for any alleged infringement is limited by the failure

of Securus and/or its licensees to meet the requirements of 35 U.S.C. § 287.

## AFFIRMATIVE DEFENSE VI
### (License/Patent Exhaustion)

31.    Securus's claims for relief are barred in whole or in part by licenses granted by

Securus or its predecessors in interest to GTL or its affiliates, or by the doctrine of patent

exhaustion.

## AFFIRMATIVE DEFENSE VII
### (Inequitable Conduct in Prosecuting the '167 Patent)

32.    The '167 patent is unenforceable due to inequitable conduct before the PTO.

33.    On June 25, 2008, prosecuting attorney Dohyn Ahn submitted a statement under

37 C.F.R. § 3.73(b) declaring Evercom Systems, Inc. ("Evercom") as the assignee of the entire

right, title, and interest of U.S. Patent Application No. 10/642,532 ("the '532 application").  The

'532 application later issued as the '167 patent on March 1, 2011.

34.    On information and belief, Securus was formerly known as Evercom and is the

successor in interest to the '167 patent.

35.    Each individual associated with the prosecution of the '532 application, including

but not limited to the named inventor, Robert Rae; the assignee, Evercom and its successor in

interest Securus; and the prosecuting attorney, Mr. Ahn, had a duty of candor and good faith to

the PTO under 37 C.F.R. § 1.56.

36.     In a Final Rejection dated July 21, 2010, Examiner Antim Shah, on behalf of the

PTO, rejected independent claims 1 and 59 of the '532 application under 35 U.S.C. § 103(a) in

light of U.S. Patent No. 7,505,406 ("Spadaro"), which lists Thomas S. Spadaro and others as the

named inventors.

37.     In the Final Rejection dated July 21, 2010, Examiner Shah found claims 1 and 59

of the '532 application as being unpantenable over Spadaro.  Examiner Shah found that Spadaro

disclosed every element of independent claims 1 and 59 of the '532 application, except that the

centralized call processing system in Spadaro did not provide call processing services to a

"plurality of prison facilities."  But Examiner Shah found that it would have been obvious to

connect the centralized call processing system disclosed in Spadaro to more than one location,

and that Spardaro disclosed that the centralized call processing system was connected to a Wide

Area Network ("WAN") through which such connections could easily occur.  Specifically,

Examiner Shah stated that "[i]t would have been obvious to the person of ordinary skill in the art

to have the [centralized call processing system] (which provides switching, accessing, routing,

timing, billing and control functions) connected to the WAN and provide[] the centralize[d] call

processing to the different sites.  The suggestion motivation would have been to have a low cost

system that will have a centrally located call processing module.  Also, it would be easy to

upgrade and maintain the system."

38.     In response to the Final Rejection, Mr. Ahn, on behalf of Mr. Rae and Evercom,

submitted a Request for Continued Examination on October 18, 2010, with accompanying

amendments and remarks.  That response did not dispute any of Examiner Shah's findings made in support of his conclusion that claims 1 and 59 of the '532 application were unpatentable over Spadaro.  Instead, Mr. Ahn amended those claims to add an additional element.  Claim 1 was amended to require "a billing system co-located with said call application management system and located remotely from the call processing gateways, the billing system connected to the call application management system for providing accounting of the calls."   Claim 59 was amended to require "the call processing system performing billing operations associated with the calls."

39.     Mr. Ahn wrote the following in his remarks on October 18, 2010 (emphasis added):

> As set forth above, independent claim 1, as amended, recites the feature of 'a billing system co-located with said call application management system and located remotely from the call processing gateways, the billing system connected to the call application management system for providing accounting of the calls . . . .' *Spadaro, however, fails to disclose anything about billing*. Therefore, claim 1, as amended, is patentably distinguishable over Spadaro.
>
> Claim 59 also recites a similar feature as set forth above, and therefore, claim 59 is also patently distinguishable over Spadaro.

40.     Mr. Ahn's unqualified statement that Spadaro "fails to disclose anything about billing" is false.  In fact, Spadaro not only discloses information about "billing," but addresses it in multiple places.

41.     First, Figure 1 of Spadaro – which also appears on the face of the patent – discloses a "billing" functionality located together with the centralized call processing system.  This figure is reproduced below:



42.     Second, the specification explains that Figure 1 shows a "computer 12 [that] performs the function of switching, indicated at 20, routing, indicated at 22, *and billing, indicated at 24*" for calls processed for a prison.  Spadaro at 3:28-30[1] (emphasis added).  As shown in Figure 1, the computer houses both the billing function and call routing and switching functions in the same location.  Accordingly, Spadaro discloses a billing system co-located with a call application management system.

43.     Third, the Abstract of Spadaro refers to "billing," as shown on the face of the patent and as reproduced below:

(57)                    **ABSTRACT**

Controlled  public  telephone  communication  systems includes a plurality of telephones at a given site, a programmable control computer for switching, accessing, routing, timing, billing, and the control of the telephones at the site and a Voice over Internet Protocol (VoIP) network connecting the telephones to an off site public switched telephone network. The programming of the control computer is distributed to remote locations over the VoIP network. A data exchange network interconnects other sites with the telephone communications system being integrated into the data exchange network.

---

[1] Citations to patents in this document are in the form "Name at column:lines."  Thus, "Spardaro at 3:28-30" refers to Column 3 of the Spadaro patent, lines 28-30.

44.     Fourth, Figure 4 of Spadaro also discloses billing functionality, as shown below. The specification explains that "Figure 4 shows how the programming of control functions may be distributed to remote locations over the Ethernet network.  In FIG. 4 the routing function 22, the billing function 24 and the PIN checking 28 are distributed to a remote location or locations by the Ethernet network 50.  As shown in FIG. 4, the network 50 is a local area network (LAN). However, these functions may also be distributed over a WAN.  The distribution of these functions to remote locations has the advantage that the functions can be centralized with the functions being performed at a central administration location."   Spadaro at 4:4-13.  Thus, Spadaro discloses billing functionality co-located with call processing functionality (e.g., routing) that is located remotely (e.g., via a WAN) from the call processing gateways and is centralized so that it can serve multiple prison facilities.



45.     Fifth, claim 6 of Spadaro recites a "method for providing prison facility call processing" in which the "call processing system provide[s] billing with respect to [an] authorized call."  Spadaro at 5:35-36, 6:9-11.  By way of comparison, claim 59 of the '532

application, which became claim 17 of the asserted '167 patent, was amended in Mr. Ahn's October 18, 2010 remarks to add "the call processing system performing billing operations associated with the calls."

46.     Sixth, Spadaro further describes a "billing" function in the "Background of the Invention" section (at 1:28-30), in the "Summary of the Invention" section (at 1:67), and in the "Description of the Preferred Embodiment" section (at, e.g., 3:28-30).  In each case, Spadaro makes clear that "billing" refers to traditional telephony billing that involves accounting for telephone calls.

47.     Accordingly, Mr. Ahn's statement that Spadaro "fails to disclose anything about billing" was false.  Plaintiff Securus has admitted this.  On November 7, 2011, Securus filed "Plaintiff's Answer to Counterclaim" in *T-Netix, Inc. v. Pinnacle Public Services, LLC*, Civil Action No. 2:09-CV-0033-TJW (E.D. Tex.).  In paragraph 55 of that Answer, Securus stated that Mr. Ahn's statement that Spadaro "fails to disclose anything about billing" was "not literally accurate."

48.     On information and belief, Mr. Ahn's statement that Spadaro "fails to disclose anything about billing" was a knowing and deliberate misrepresentation.  Mr. Ahn plainly knew that Spadaro disclosed billing.  On November 13, 2009, Mr. Ahn filed remarks stating that Spadaro disclosed "a programmable computer that provides switching, accessing, routing, timing, *billing* and control functions."  (Emphasis added.)  Nevertheless, on information and belief, in order to traverse the rejection based on Spadaro, Mr. Ahn chose to convince the examiner that Spadaro did not disclose anything about billing.  In the October 18, 2010, remarks, Mr. Ahn did not raise any issues with Examiner Shah's prior findings that claims 1 and 59 of the

'532 application were not patentable over Spadaro.  On information and belief, Mr. Ahn was

unable to distinguish Spadaro on any basis that he believed Examiner Shah would find

persuasive.

49.     Mr. Ahn instead amended claims 1 and 59 in an attempt to overcome the rejection

based on Spadaro.  In order for this amendment to succeed in overcoming the rejection, Mr. Ahn

needed to convince Examiner Shah that Spadaro did not disclose the substance of these new

amendments.  Mr. Ahn did not argue that the billing in claims 1 and 59, as amended, was

somehow different from the billing disclosed by Spadaro.  Instead, Mr. Ahn categorically stated

that Spadaro did "not disclose *anything* about billing" (emphasis added).  The only reasonable

explanation for this statement is that Mr. Ahn hoped that Examiner Shat would rely on this

misrepresentation and approve the claims based on the new amendments.

50.     Mr. Ahn's misrepresentation of Spadaro was material to patentability.  On

October 18, 2010, Mr. Ahn distinguished Spadaro from independent claims 1 and 59 of the '532

application solely on the ground that Spadaro did not disclose "anything about billing."  In the

next office action following Mr. Ahn's statement that Spadaro "fails to disclose anything about

billing," Examiner Shah allowed the '532 application without further comment or explanation.

51.     On information and belief, Messrs. Ahn and Rae, as well as Evercom and its

successor in interest Securus, violated their duty of candor by knowingly and deliberately

making a misrepresentation about this material element—the disclosure of "billing" in

Spadaro—with the intent to deceive the PTO for the purpose of obtaining allowance of the '532

application.

## AFFIRMATIVE DEFENSE VIII
### (Estoppel by Contract/Quasi-Estoppel)

52.      On or about September 17, 2009, Securus and its subsidiary T-Netix, Inc. ("T-Netix") (collectively, "Securus") entered into a Settlement Agreement and Mutual Release ("Settlement Agreement") with Public Communications Services, Inc. ("PCS") and AGM Telecom Corporation ("AGM") (collectively, "PCS").  The parties contemporaneously executed a Patent License Agreement ("License Agreement"), which was attached as Exhibit A to the Settlement Agreement.  The Settlement Agreement and License Agreement resolved claims of patent infringement that T-Netix had asserted against PCS in July 2009.  Copies of the Settlement Agreement and the License agreement are attached hereto as sealed Exhibits A and B, respectively.

53.      Section 4.1(b) of the License Agreement states in full (emphasis added):



54.      REDACTED

The '532 application was filed on August 15, 2003, and issued as the '167 patent; U.S. Patent Application No. 11/479,990 ("the '990 application") was filed on June 30, 2006, and issued as the '222 patent; U.S. Patent Application No. 11/562,784 ("the '784 application") was filed on November 22,

2006, and issued as the '850 patent; and U.S. Patent Application No. 12/031,460 ("the '460 application") was filed on February 14, 2008, and issued as the '457 patent.

55.     On information and belief, all right, title, and interest in the '532, '990, '784, and '460 applications were assigned to Evercom by September 17, 2009, and Evercom and Securus were aware of each of those applications as of that date.

56.     Securus has accepted royalty payments and other benefits derived from the License Agreement.

57.     In light of the facts in the foregoing paragraphs 52 to 56, GTL is entitled to a declaration by the Court that Securus is estopped from asserting that the Inmate Calling Manager ("ICMv") and any other "Licensed Products" or PCS services, as they existed on September 17, 2009, infringed or continue to infringe the '167, '222, '850, and '457 patents.

## COUNTERCLAIMS

Counterclaim Plaintiff Global Tel*Link Corporation ("GTL") asserts the following Counterclaims against Plaintiff and Counterclaim Defendant Securus Technologies, Inc. ("Securus"):

## THE PARTIES

1.      GTL is a Delaware corporation with its principal place of business at 12021 Sunset Hills Road, Suite 100, Reston, VA 20190.

2.      On information and belief, Securus is a Delaware corporation with its principal place of business located at 14651 Dallas Parkway, Suite 600, Dallas, TX 75254.  Securus is the entity that filed the Original Complaint against GTL in this action on or about August 2, 2013.

## NATURE OF COUNTERCLAIMS

3.      These Counterclaims include claims for declaratory judgment that U.S. Patent Nos. 7,899,167 ("the '167 patent"); 7,860,222 ("the '222 patent"); 8,031,850 ("the '850 patent"); and 7,805,457 ("the '457 patent") (collectively, "the Securus Patents") are invalid and have not been infringed by GTL, and that the '167 patent is unenforceable due to inequitable conduct committed before the U.S. Patent and Trademark Office ("PTO") during the prosecution of U.S. Patent Application No. 10/642,532 ("the '532 application").

4.      These Counterclaims include a claim for breach of contract.

5.      These Counterclaims include claims of infringement of U.S. Patent Nos. 7,085,359 ("the '359 patent"); 7,039,171 ("the '171 patent"); and 7,742,581 ("the '581 patent") (collectively, "the GTL Patents").

**DEFENDANT GLOBAL TEL*LINK CORPORATION'S**                                    **PAGE 16**
**ANSWER TO THE ORIGINAL COMPLAINT AND COUNTERCLAIMS**

## JURISDICTION AND VENUE

6.      These Counterclaims arise under the patent laws of the United States of America, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

7.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201.

8.      Securus has availed itself of this forum and is therefore subject to personal jurisdiction in this District.

9.      Venue is proper for these Counterclaims under 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 7,899,167)

10.      GTL realleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth here.

11.      Securus has alleged in this action that GTL has infringed, directly and indirectly, the '167 patent.  GTL denies that it has infringed, contributed to others' infringement, or induced others to infringe the '167 patent.

12.      There accordingly is an actual, immediate, and justiciable controversy between the parties.

13.      GTL is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '167 patent.

14.      GTL is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF U.S. PATENT NO. 7,860,222)

15.     GTL realleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth here.

16.     Securus has alleged in this action that GTL has infringed, directly and indirectly, the '222 patent.  GTL denies that it has infringed, contributed to others' infringement, or induced others to infringe the '222 patent.

17.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

18.     GTL is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '222 patent.

19.     GTL is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT III
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF U.S. PATENT NO. 8,031,850)

20.     GTL realleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth here.

21.     Securus has alleged in this action that GTL has infringed, directly and indirectly, the '850 patent.  GTL denies that it has infringed, contributed to others' infringement, or induced others to infringe the '850 patent.

22.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

23.     GTL is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '850 patent.

24.     GTL is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

<u>COUNT IV</u>
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**U.S. PATENT NO. 7,805,457)**

25.     GTL realleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth here.

26.     Securus has alleged in this action that GTL has infringed, directly and indirectly, the '457 patent.  GTL denies that it has infringed, contributed to others' infringement, or induced others to infringe the '457 patent.

27.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

28.     GTL is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '457 patent.

29.     GTL is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT V
## (DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 7,899,167)

30.     GTL realleges and incorporates by reference the allegations of paragraphs 1

through 9 of these Counterclaims as if fully set forth here.

31.     Securus has alleged in this action that GTL has infringed, directly and indirectly,

the '167 patent.

32.     The '167 patent is invalid for failure to comply with one or more requirements of

35 U.S.C. §§ 101, 102, 103, and/or 112.

33.     There accordingly is an actual, immediate, and justiciable controversy between

the parties.

34.     GTL is entitled to a declaration by the Court that one or more claims of the '167

patent is invalid.

35.     GTL is entitled to further necessary or proper relief based on the Court's

declaratory judgment or decree.

## COUNT VI
## (DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 7,860,222)

36.     GTL realleges and incorporates by reference the allegations of paragraphs 1

through 9 of these Counterclaims as if fully set forth here.

37.     Securus has alleged in this action that GTL has infringed, directly and indirectly,

the '222 patent.

38.     The '222 patent is invalid for failure to comply with one or more requirements of

35 U.S.C. §§ 101, 102, 103, and/or 112.

39.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

40.     GTL is entitled to a declaration by the Court that one or more claims of the '222 patent is invalid.

41.     GTL is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT VII
## (DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 8,031,850)

42.     GTL realleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth here.

43.     Securus has alleged in this action that GTL has infringed, directly and indirectly, the '850 patent.

44.     The '850 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

45.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

46.     GTL is entitled to a declaration by the Court that one or more claims of the '850 patent is invalid.

## COUNT VIII
## (DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 7,805,457)

47.     GTL realleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth here.

48.     Securus has alleged in this action that GTL has infringed, directly and indirectly, the '457 patent.

49.     The '457 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

50.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

51.     GTL is entitled to a declaration by the Court that one or more claims of the '457 patent is invalid.

52.     GTL is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT IX
## (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF
## U.S. PATENT NO. 7,899,167 DUE TO INEQUITABLE CONDUCT)

53.     GTL realleges and incorporates by reference the allegations of paragraphs 32 through 51 of GTL's Answer to the Original Complaint and paragraphs 1 through 9 of these Counterclaims as if fully set forth here.

54.     Securus has alleged in this action that GTL has infringed, directly and indirectly, the '167 patent.

55.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

56.     As set forth in paragraphs 32 through 51of GTL's Answer to the Original Complaint, the '167 patent is unenforceable due to the inequitable conduct of Dohyn Ahn, Robert Rae, Evercom Systems, Inc. ("Evercom"), and Evercom's successor in interest Securus, before the PTO during the prosecution of the '532 application resulting in the '167 patent.

57.     On information and belief, Mr. Ahn, on behalf of Mr. Rae, Evercom, and its successor in interest Securus, made knowing and deliberate misrepresentations to the PTO with intent to deceive.  The PTO would not have issued the '167 patent on March 1, 2011, with its claims as currently constituted, but for Mr. Ahn's misrepresentations.

58.     GTL is entitled to a declaration by the Court that the '167 patent is unenforceable.

59.     GTL is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT X
### (BREACH OF CONTRACT)

60.     GTL realleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth here.

61.     On or about September 17, 2009, Securus and its subsidiary T-Netix, Inc. ("T-Netix") (collectively, "Securus") entered into a Settlement Agreement and Mutual Release ("Settlement Agreement") with Public Communications Services, Inc. ("PCS") and AGM Telecom Corporation ("AGM") (collectively, "PCS").  The parties contemporaneously executed a Patent License Agreement ("License Agreement"), which was attached as Exhibit A to the

Settlement Agreement.  The Settlement Agreement and License Agreement resolved claims of patent infringement that T-Netix had asserted against PCS in July 2009.

62.     The Settlement Agreement and License Agreement are valid and enforceable contracts.  Copies of the Settlement Agreement and the License agreement are attached hereto as sealed Exhibits A and B, respectively.

63.     Section II.5(a)(i) of the Settlement Agreement REDACTED

REDACTED Specifically, section II.5(a)(i) states:

REDACTED

64.     Section II.1 of the Settlement Agreement states, REDACTED

65.     Section 1.9 of the License Agreement REDACTED

REDACTED Section 2.2 of the License Agreement, in turn,

REDACTED

66.    REDACTED

67.    Each of the '167, '222, '850, and '457 patents qualifies as a REDACTED as that term is defined in the License Agreement, because REDACTED

The '167 patent issued on March 1, 2011; the '222 patent issued on December 28, 2010; the '850 patent issued on October 4, 2011; and the '457 patent issued on September 28, 2010.  On information and belief, each of the '167, '222, '850, and '457 patents is currently owned by Securus.

68.    REDACTED

in § 3.1 of the License Agreement.

69.    The Settlement Agreement and attached License Agreement expressly contemplate GTL acquiring PCS during the term of both agreements.  Section 3.3(ii) of the License REDACTED

REDACTED

[REDACTED] in § II.5(a) of the Settlement Agreement.

70.    REDACTED

[REDACTED]

[REDACTED] Securus and PCS intended GTL to be a third party beneficiary of the Settlement Agreement and License Agreement.

71.    On or around August 5, 2010, GTL agreed to acquire PCS pursuant to a Stock Purchase Agreement by and among GTL, Joseph Fryzer, Paul Jennings, and PCS, through which GTL would purchase all outstanding shares of PCS.

72.    On or around November 10, 2010, GTL purchased all outstanding shares of PCS. Since that date, PCS has remained a wholly owned subsidiary of GTL.  PCS has paid and Securus has accepted REDACTED

[REDACTED] as that term is defined in § 3.1 of the License Agreement, both before and after GTL acquired PCS.

73.    As of November 10, 2010, GTL became the corporate parent and affiliate of PCS and REDACTED under § II.5(a) of the Settlement Agreement.

74.    When Securus filed the Original Complaint against GTL on August 2, 2013, and asserted that GTL infringed the '167, '222, '850, and '457 patents, Securus REDACTED

[REDACTED]

[REDACTED] thereby violating § II.5(a)(i) of the Settlement Agreement.

75.     PCS has performed and continues to fully perform its obligations under the Settlement Agreement and License Agreement.

76.     As a direct and proximate result of Securus's breach of § II.5(a)(i), GTL has sustained damages in an amount to be proven at trial.

## COUNT XI
### (INFRINGEMENT OF U.S. PATENT NO. 7,085,359)

77.     GTL realleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth here.

78.     U.S. Patent No. 7,085,359 ("the '359 patent"), entitled "Investigation and Reporting of Inmate Security Threats," was duly and legally issued by the PTO on August 1, 2006.  A true and correct copy of the '359 patent is attached hereto as Exhibit C.

79.     GTL is the sole owner of the entire right, title, and interest in the '359 patent, including the right to bring suit and recover damages for past infringement.

80.     Securus has been aware of the '359 patent since at least January 6, 2009.  During the prosecution of the '167 patent, Securus disclosed the '359 patent to the PTO by filing an Information Disclosure Statement on January 6, 2009.  During the prosecution of the '457 patent, Examiner Cheryl Lewis cited the '359 patent in her "Reasons for Allowance," which was mailed to Securus on May 21, 2010.  Both the '167 and '457 patents cite the '359 patent among the "References Cited" in field 56 starting on the face of those patents.

81.     Securus has directly infringed one or more claims of the '359 patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States products and services, including its inmate telephone system and inmate telephone services, and other inmate correctional facility related

services, including but not limited to its Secure Call Platform™ ("SCP") and features thereof

(including but not limited to THREADS™) (collectively, the "Securus Call Management

Products and Services").

82.     On information and belief, Securus has induced and continues to induce others to

infringe one or more claims of the '359 patent in violation of 35 U.S.C. § 271(b) by, with

specific intent or willful blindness, actively aiding and abetting others to directly infringe the

'359 patent, including without limitation by: (1) performing the steps of the method claims in

connection with the Securus Call Management Products and Services, (2) using the Securus Call

Management Products and Services, and (3) combining the Securus Call Management Products

and Services with each other and with other components, such as third party software, to make

and use the claimed inventions in the United States.  These other entities include Securus's

customers and end users of the Securus Call Management Products and Services, including, but

not limited to, correctional facilities.  Securus actively induces these other entities to engage in

these actions by responding to correctional facilities' requests for proposals, by advertising,

offering for sale, and selling the Securus Call Management Products and Services, by

configuring the Securus Call Management Products and Services so that they will result in

infringement when employed for their intended use, and by providing user manuals, product

documentation, and other instructions regarding the use of and promotional materials to practice

the patented invention, such as the newsletter "SECURUS THREADS™ NEWS" circulated in

June 2013.  On information and belief, Securus has engaged in such actions with specific intent

to cause infringement or with willful blindness to the resulting infringement because Securus has

had actual knowledge of the '359 patent and that its acts were inducing infringement of the '359 patent at least since it disclosed the '359 patent to the PTO on January 6, 2009.

83.     Such infringement has injured and damaged GTL, and continues to do so.

84.     To the extent that facts learned during the pendency of this case show that Securus's infringement of the '359 patent is willful and deliberate, GTL reserves the right to amend these Counterclaims and request a finding of willful infringement and seek appropriate relief at the time of trial.

85.     On information and belief, Securus will continue to infringe the '359 patent unless enjoined by this Court.

## COUNT XII
## (INFRINGEMENT OF U.S. PATENT NO. 7,039,171)

86.     GTL realleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth here.

87.     U.S. Patent No. 7,039,171 ("the '171 patent"), entitled "Method and System for Call Tracking to Discover Inmate-Employee Fraternization," was duly and legally issued by the PTO on May 2, 2006.  A true and correct copy of the '171 patent is attached hereto as Exhibit D.

88.     GTL is the sole owner of the entire right, title, and interest in the '171 patent, including the right to bring suit and recover damages for past infringement.

89.     Securus has been aware of the '171 patent since at least September 26, 2006. During the prosecution of the '222 patent, Securus disclosed the '171 patent to the PTO by filing an Information Disclosure Statement on September 26, 2006.  During the prosecution of the '167 patent, Securus disclosed the '171 patent to the PTO by filing an Information Disclosure Statement on January 6, 2009.  During the prosecution of the '457 patent, Examiner Cheryl

Lewis cited the '171 patent in her "Reasons for Allowance," which was mailed to Securus on May 21, 2010.  The '222, '167, and '457 patents cite the '171 patent among the "References Cited" in field 56 starting on the face of those patents.

90.    Securus has directly infringed one or more claims of the '171 patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States products and services, including its inmate telephone system and inmate telephone services, and other inmate correctional facility related services, including but not limited to its Secure Call Platform™ ("SCP") and features thereof (including but not limited to THREADS™) (collectively, the "Securus Call Management Products and Services").

91.    On information and belief, Securus has induced and continues to induce others to infringe one or more claims of the '171 patent in violation of 35 U.S.C. § 271(b) by, with specific intent or willful blindness, actively aiding and abetting others to directly infringe the '359 patent, including without limitation by: (1) performing the steps of the method claims in connection with the Securus Call Management Products and Services, (2) using the Securus Call Management Products and Services, and (3) combining the Securus Call Management Products and Services with each other and with other components, such as third party software, to make and use the claimed inventions in the United States.  These other entities include Securus's customers and end users of the Securus Call Management Products and Services, including, but not limited to, correctional facilities.  Securus actively induces these other entities to engage in these actions by responding to correctional facilities' requests for proposals, such as Securus's response, dated July 9, 2012, to the request for performance issued by Collin County, Texas, by

advertising, offering for sale, and selling the Securus Call Management Products and Services, by configuring the Securus Call Management Products and Services so that they will result in infringement when employed for their intended use, and by providing user manuals, product documentation, and other instructions regarding the use of and promotional materials to practice the patented invention.  On information and belief, Securus has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Securus has had actual knowledge of the '171 patent and that its acts were inducing infringement of the '171 patent at least since it disclosed the '171 patent to the PTO on September 26, 2006.

92.     Such infringement has injured and damaged GTL, and continues to do so.

93.     To the extent that facts learned during the pendency of this case show that Securus's infringement of the '171 patent is willful and deliberate, GTL reserves the right to amend these Counterclaims and request a finding of willful infringement and seek appropriate relief at the time of trial.

94.     On information and belief, Securus will continue to infringe the '171 patent unless enjoined by this Court.

## COUNT XIII
### (INFRINGEMENT OF U.S. PATENT NO. 7,742,581)

95.     GTL realleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth here.

96.     U.S. Patent No. 7,742,581 ("the '581 patent"), entitled "Electronic Messaging Exchange," was duly and legally issued by the PTO on June 22, 2010.  A true and correct copy of the '581 patent is attached hereto as Exhibit E.

97.     GTL is the sole owner of the entire right, title, and interest in the '581 patent, including the right to bring suit and recover damages for past infringement.

98.     Securus has been aware of the '581 patent since at least the date of this counterclaim.

99.     Securus has directly infringed one or more claims of the '581 patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States electronic messaging products and services, including the Securus Video Visitation Kiosk and Secure Instant Mail (collectively, the "Securus Messaging Products and Services").

100.    On information and belief, Securus induces others to infringe one or more claims of the '581 patent in violation of 35 U.S.C. § 271(b) by, with specific intent or willful blindness, actively aiding and abetting others to directly infringe the '359 patent, including without limitation by: (1) performing the steps of the method claims in connection with the Securus Messaging Products and Services, (2) using the Securus Messaging Products and Services, and (3) combining the Securus Messaging Products and Services with each other and with other components, such as third party software, to make and use the claimed inventions in the United States.  These other entities include Securus's customers and end users of the Securus Messaging Products and Services, including, but not limited to, correctional facilities.  Securus actively induces these other entities to engage in these actions by responding to correctional facilities' requests for proposals, such as Securus's response, dated July 17, 2012, to the request for performance issued by the Kansas Department of Corrections, by advertising, offering for sale, and selling the Securus Messaging Products and Services, by configuring the Securus Messaging

Products and Services so that they will result in infringement when employed for their intended use, and by providing user manuals, product documentation, and other instructions regarding the use of and promotional materials to practice the patented invention, such as the instructions available at http://www.4inmates.com/instructions.jsp.  On information and belief, at least from the date of this Answer and Counterclaim forward, Securus's continued engagement  in such actions is with specific intent to cause infringement or with willful blindness to the resulting infringement because Securus has actual knowledge of the '581 patent and that its acts are inducing infringement of the '581 patent.

101.    Such infringement has injured and damaged GTL, and continues to do so.

102.    To the extent that facts learned during the pendency of this case show that Securus's infringement of the '581 patent is willful and deliberate, GTL reserves the right to amend these Counterclaims and request a finding of willful infringement and seek appropriate relief at the time of trial.

103.    On information and belief, Securus will continue to infringe the '581 patent unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, GTL prays that the Court enter judgment against Plaintiff Securus and in favor of Defendant GTL with respect to all relief requested in the Original Complaint and the Counterclaims, including the following:

(a)    dismissing Securus's Original Complaint in its entirety, with prejudice;

(b)    adjudicating and declaring that GTL does not infringe and has not infringed, directly or indirectly, any claim of the Securus Patents;

(c)      adjudicating and declaring that each claim of the Securus Patents is invalid;

(d)      if the facts demonstrate that this case is exceptional within the meaning of 35 U.S.C. § 285, awarding GTL its reasonable attorneys' fees, costs, and expenses;

(e)      adjudicating and declaring that Securus breached the Settlement Agreement and License Agreement;

(f)      awarding GTL damages in an amount to be determined by the Court, plus pre- and post-judgment interest, costs, expenses, and attorneys' fees, as allowed by law (including without limitation, Texas Civil Practice and Remedies Code § 38.001) and under equitable principles, for Securus's breach of the Settlement Agreement and License Agreement;

(g)      permanently enjoining Securus from suing GTL for patent infringement until September 18, 2014;

(h)      adjudicating and declaring that Securus, including through its affiliates, has infringed the GTL Patents;

(i)      permanently enjoining further infringement of the foregoing patents by unauthorized use of the inventions patented therein, by Securus, its affiliates and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them;

(j)      awarding GTL damages in an amount to be determined by the Court, plus pre- and post-judgment interest, and costs, as allowed by law, sufficient to compensate GTL for Securus's infringement of the GTL Patents, in an amount not less than a reasonable royalty;

(k)      if Securus's infringement is found to be willful, ordering Securus to pay treble damages to GTL as provided by 35 U.S.C. § 284;

(l)     granting GTL such other and further relief as the Court deems just and

appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

GTL demands a jury trial on all issues so triable.

Dated:  October 21, 2013

Respectfully submitted,

OF COUNSEL

/s/ E. Leon Carter
E. Leon Carter

J.C. Rozendaal
Courtney S. Elwood
Evan T. Leo
Christopher C. Funk
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999

Texas State Bar No. 03914300
lcarter@carterstafford.com
John Steven Torkelson
Texas State Bar No. 00795154
jtorkelson@carterstafford.com
Sheria D. Smith
Texas State Bar No. 2407597
ssmith@carterstafford.com
CARTER STAFFORD ARNETT
  HAMADA & MOCKLER PLLC
8150 N Central Expressway
Suite 1950
Dallas, TX 75206
Tel: (214) 550-8188
Fax: (214) 550-8185

*Counsel for Defendant and Counterclaimant*
*Global Tel\*Link Corporation*

**DEFENDANT GLOBAL TEL\*LINK CORPORATION'S**                                                      **PAGE 36**
**ANSWER TO THE ORIGINAL COMPLAINT AND COUNTERCLAIMS**