IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURUS TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL TEL*LINK CORPORATION, <br><br> Defendant. | CIVIL ACTION NO. 3:13–CV–03009–K |

**PLAINTIFF/COUNTERCLAIM–DEFENDANT SECURUS TECHNOLOGIES, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

## INTRODUCTION AND SUMMARY

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rules 56.3 and 56.5 of the Local Rules, Plaintiff/Counterclaim-Defendant Securus Technologies, Inc. ("Securus") files this Brief in Support of its Motion for Partial Summary Judgment seeking dismissal of Defendant/Counterclaim-Plaintiff Global Tel*Link's ("GTL") breach of contract counterclaim (Count I, the "contract counterclaim"). Securus is entitled to judgment on GTL's contract counterclaim because there is no evidence of damages asserted to have been suffered by GTL. GTL has not disclosed any persons with knowledge of any alleged damages, any computation of alleged damages, or any damages expert to support any alleged damages, despite Securus asking for this information in written discovery and GTL being obligated to provide it pursuant to the Federal Rules of Civil Procedure and the Court's scheduling order. Furthermore, discovery has

closed, and therefore, no additional evidence can come before the Court. Therefore, Securus is entitled to summary judgment on the claim.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

This case has been on file since August 2013, when Securus filed a complaint against GTL for infringement of certain Securus patents [Dkt 1 (Original Complaint)]. GTL filed its counterclaim for breach of contract in October 2013 [Dkt 10 (Answer and Counterclaim)], and alleged that Securus breached a covenant not to sue. GTL also filed patent infringement counterclaims which are the subject of Securus' pending Rule 12(c) motion to dismiss. Fact and expert discovery closed on August 6, 2015, and trial is set for February 2016 [Dkt 55 (Scheduling Order), as amended by Dkt 139 and 165].

Federal Rule of Civil Procedure Rule 26(a)(1)(A)(iii) requires a party to disclose a computation of each category of damages claimed. GTL served its initial Rule 26 disclosures on December 4, 2013, stating that it "has not prepared a computation of damages at this stage of litigation, but expects that such a computation will be prepared by one or more experts and disclosed pursuant to the Scheduling Order and Discovery Plan entered by the Court. GTL will produce to Securus all documents or other evidentiary material . . . on which its damages computation is based, including materials bearing on the nature and extent of the injuries suffered." (Ex. 1, Appendix at p. 4-12). GTL served its most recent, operative Rule 26(a) Disclosures on December 13, 2013, repeating the same statement regarding computation of damages. (Ex. 2, Appendix at p. 13-22). GTL has not disclosed its computation of damages for its contract counterclaim at any point in the litigation. Also, while GTL disclosed the names of each individual likely to have discoverable information in its Amended Disclosures, it did not

disclose – and has never disclosed – anyone as having knowledge about GTL's alleged damages for its breach of contract counterclaim.

On September 8, 2014, GTL responded to Securus' Interrogatory No. 17, which asked GTL to provide "a complete computation of each category of damages that you claim to have suffered as a result of Securus' alleged breach of the 2009 PCS Settlement Agreement, and identify all Documents, ESI, things, and other materials bearing on the nature and extent of your alleged damages." (Ex. 3, Appendix at p. 23-26 (interrogatory excerpts)). GTL responded that the interrogatory was "premature and contrary to the schedule and deadlines set forth in the Court's February 19, 2014 scheduling order … to the extent it calls for expert opinion and testimony concerning the damages Securus' breach of the 2009 PCS Settlement Agreement has caused GTL." *Id.* GTL then stated that it "will respond to this Interrogatory with expert opinion and testimony, consistent with the deadlines for the designation of experts set forth in the Court's scheduling order." It never did.

The Court's February 19, 2014 scheduling order [Dkt 55, as amended by Dkt 139 and 165] set a March 9, 2015 deadline for the parties to designate experts. By agreement, on February 10, 2015, the parties filed a Joint Notice of Agreement to Extend Deadlines [Dkt 139], pursuant to which the deadline for disclosing experts was reset for April 8, 2015. In accordance with that deadline, on April 8, 2015, GTL filed its Written Designation of Experts, wherein GTL designated James Bress to opine on Securus' alleged infringement of GTL's patents, but did not designate any expert to opine on its alleged damages for Securus' alleged breach of the Settlement Agreement [Dkt 153].

On August 6, 2015, expert discovery closed pursuant to the scheduling order, without GTL ever designating an expert to testify as to its alleged damages for its breach of contract counterclaim, whether for attorney fees or otherwise.

## SUMMARY JUDGMENT STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment works "to root out, narrow, and focus the issues, if not resolve them completely." *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993). The movant bears the initial burden of establishing that "there are no genuine issues of material fact." *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Once that burden is met, "the burden shifts to the nonmoving party to show that summary judgment is not appropriate." *Id.* (internal quotations omitted). The nonmoving party "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

## **ARGUMENT AND AUTHORITIES**

Securus seeks summary judgment on GTL's contract counterclaim because GTL is unable to put forth evidence of any alleged damages it suffered as a result of Securus prematurely filing patent infringement claims against GTL.[1] *See Southwell v. University of the Incarnate Word*, 974 S.W.2d 351, 254-55 (Tex. App.—San Antonio 1998, pet. denied) (damages an element of breach of contract). Rule 26 provides that "a party must, without awaiting a discovery request, provide ... a *computation* of each *category* of damages ... [and] the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *cf. KW Plastics v. U.S. Can Co.,* 131 F. Supp. 2d 1289, 1296 (M.D. Ala. 2001) (noting that an expert may not testify on unjust-enrichment damages when his Rule 26 report disclosed only a calculation for lost-profit damages). GTL has acknowledged its obligation to disclose its damage model for its contract counterclaim, but it is undisputed that it has not done so. GTL has likewise acknowledged that proving its alleged contract damages at trial, whatever those damages may be, calls for expert opinion and testimony, but it is undisputed that GTL has not designated any expert to offer opinions or testimony as to GTL's alleged contract damages.

While Securus has never been informed of any damage model, one can surmise that GTL may be seeking attorney fees, or some portion of its fees, as damages for breach of contract.

---

[1] Securus notes that it does not agree that it breached any contract with GTL or anyone else, nor does it intend to waive any arguments to that effect herein.

Securus acknowledges that in the course of document production, GTL did produce, without comment or explanation, attorney fee statements. Securus also acknowledges that in the prayer of its counterclaim, GTL states it is seeking damages and attorney fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code in an amount to be proven "at trial." Third Am. Counterclaim at ¶24 and p. 12 [Dkt 119]. On April 8, 2015, GTL produced Kellogg Huber law firm invoices (GTL0021176-22053) that bear indications of time being "deducted" from each invoices' total for work performed pursuing GTL's own infringement counterclaims, as well as an Excel spreadsheet (GTL0021176) compiling the invoice amounts. (Ex. 4, Appendix at p. 27 (cover letter)). Likewise, on July 28, 2015, GTL produced additional invoices from the Sterne Kessler law firm for work performed in this matter (GTL0028274-28434) which also reflect time deductions for work performed on GTL's infringement counterclaims. (Ex. 5, Appendix at p. 28-29 (cover letter)). What is missing from these invoices, however, is any explanation of what was redacted, what was deducted, and what remains, and further, what connection these invoices have to the amount and method of calculating GTL's alleged damages for breach of contract, if these invoices relate to that claim at all.

  If GTL seeks attorney fees as damages, such an effort would require expert testimony. For a party to recover attorney's fees it must produce supporting expert testimony. *Twin City Fire Ins. Co. v. Vega–Garcia,* 223 S.W.3d 762, 770 (Tex. App.—Dallas 2007, rev. denied) ("The issue of reasonableness and necessity of attorney's fees requires expert testimony."); *Woollett v. Matyastik,* 23 S.W.3d 48, 52 (Tex. App.—Austin 2000, pet. denied) ("Determining a reasonable attorney's fee is a question of fact and the fee award must be supported by competent evidence"; holding that a layman's testimony concerning fees was no evidence on fee issue because expert testimony is required to support an award of fees). The failure to properly and timely designate

an expert witness on a fee award bars recovery of such fees under Texas law. *Lesikar v. Rappeport,* 33 S.W.3d 282, 307–08 (Tex. App.—Texarkana 2000, pet. denied) (fee award reversed on appeal because plaintiff failed to offer expert testimony that the attorney's fees were reasonable and necessary); *E.F. Hutton & Co., Inc. v. Youngblood,* 741 S.W.2d 363, 364 (Tex. 1987) (*per curiam*) (reversing a fee award where plaintiff failed to identify an expert witness on the reasonableness of the fee claim in answering interrogators and failed to show good cause for that failure); *15625 Ft. Bend Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 946 (S.D. Tex. 2014) (granting summary judgment).

Here, the case has been on file since August 2013, discovery has closed, and dispositive motions have been filed. Trial is set forth February 2016 and pretrial deadlines are close at hand. Securus has asked GTL in interrogatories to provide a computation of GTL's alleged contract damages, and Federal Rule of Civil Procedure 26(a) obligated GTL to do so. GTL has had more than sufficient time to respond to Securus' interrogatories and disclose its damage model and an expert who would offer opinions in support of that damage model pursuant to Rule 26 and the Court's scheduling order. On numerous occasions, GTL has chosen not to do so, and it is too late to do so now. Courts have previously granted summary judgment in situations like this, where the plaintiff has failed to disclose its damage model and/or to designate an expert when expert testimony was required to prove damages. *Auto Indus. Supplier Employee Stock Ownership Plan v. Ford Motor Co.*, 435 F. App'x 430, 446 (6th Cir. 2011) (granting summary judgment on damages in absence of expert witness); *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 279 (5th Cir. 2009) ("After a review of the record, we agree that CQ failed to properly disclose the "computations" for the various "categor[ies]" of damages it now complains of.").

GTL has failed to properly disclose its computation of damages for its contract counterclaim, and it has no witness, expert or otherwise, who will testify regarding such damages. Securus has expended time and expense filing dispositive motions, and GTL's proffering a late calculation after the close of discovery would prejudice Securus' ability to judge its monetary exposure and marshal resources accordingly. *See Santiago–Diaz v. Laboratorio Clinico Y De Referencia Del Este And Sara Lopez, M.D.,* 456 F.3d 272, 277 (1st Cir. 2006) ("the plaintiff's foot-dragging in announcing her expert ... deprived the defendants of the opportunity to depose him, ... pursue countering evidence, or generally prepare their defenses"). Because GTL has no evidence to support its breach of contract damages, Securus is entitled to summary judgment on that claim. *Cf. MicroStrategy Inc. v. Business Objects, S.A.,* 429 F.3d 1344, 1357 (Fed. Cir. 2005) (upholding exclusion of evidence of non-expert damages because proponent failed to respond to damages interrogatory during discovery).

## CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Securus respectfully requests that the Court grant the Motion for Partial Summary Judgment as to GTL's breach of contract counterclaim (Count I) and dismiss the claim with prejudice.

Respectfully submitted,

*/s/* Richard A. Sayles
Richard A. Sayles
(Lead Counsel)
   Texas State Bar No. 17697500
   dsayles@swtriallaw.com
Mark D. Strachan
   Texas State Bar No. 19351500
   mstrachan@swtriallaw.com
Darren P. Nicholson
   Texas State Bar No. 24032789
   dnicholson@swtriallaw.com
E. Sawyer Neely
   Texas State Bar No. 24041574
   sneely@swtriallaw.com

SAYLES | WERBNER, P.C.
1201 Elm Street, Suite 4400
Dallas, Texas 75270
214.939.8700 – Telephone
214.939.8787 – Facsimile


Bruce S. Sostek
   Texas State Bar No. 18855700
   bruce.sostek@tklaw.com
Richard L. Wynne, Jr.
   Texas State Bar No. 24003214
   richard.wynne@tklaw.com

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700 – Telephone
214.969.1751 – Facsimile

>G. Michael Gruber
>  Texas Bar No. 08555400
>  mgruber@ghetrial.com
>Anthony J. Magee
>  Texas Bar No. 00786081
>  amagee@ghetrial.com
>Robert E. Weitzel
>  Texas Bar No. 24070823
>  rweitzel@ghetrial.com
>
>GRUBER HURST ELROD JOHANSEN
>  HAIL SHANK LLP
>Fountain Place
>1445 Ross Avenue, Suite 2500
>Dallas, Texas 75202
>214.855.6800 – Telephone
>214.855.6808 – Facsimile
>
>ATTORNEYS FOR PLAINTIFF/COUNTERCLAIM-
>DEFENDANT SECURUS TECHNOLOGIES, INC.

### CERTIFICATE OF SERVICE

I certify that on August 24, 2015, I caused a true and correct copy of the foregoing to be served via ECF on all counsel of record.

>/s Richard A. Sayles
>Richard A. Sayles