**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SECURUS TECHNOLOGIES, INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:13–CV–03009–K |
| GLOBAL TEL*LINK CORPORATION, | |
| Defendant. | |

**PLAINTIFF/COUNTERCLAIM–DEFENDANT SECURUS TECHNOLOGIES, INC.'S REPLY BRIEF IN
SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

## INTRODUCTION AND SUMMARY

Plaintiff/Counterclaim-Defendant Securus Technologies, Inc.'s ("Securus") motion seeks summary judgment on Defendant/Counterclaim-Plaintiff Global Tel*Link's ("GTL") breach of contract counterclaim ("contract counterclaim") because GTL has no evidence of damages. Notably, GTL's response offers no competent summary judgment evidence. Rather, GTL contends that the "simple arithmetic" of its damages have been sufficiently disclosed because GTL produced redacted invoices, attached an unauthenticated spreadsheet to its response, and served an insufficient interrogatory response after summary judgment was filed. Resting entirely on the position that it has met its evidentiary burden, GTL does not seek leave to designate an expert, identify a witness, amend its disclosures, or authenticate its documents. Accordingly, because there is no evidence of damages, it is black-letter law Securus is entitled to summary judgement on GTL's contract counterclaim.

# ARGUMENT

**A.      GTL Has Not Offered Competent Summary Judgment Evidence in Response to Securus' Motion, and Securus Objects to GTL's Unauthenticated, Hearsay Exhibits.**

Securus' motion seeks summary judgment because GTL has not put forth sufficient evidence of its attorney fees damages for its breach of contract counterclaim. In response, GTL failed to offer competent evidence to raise a genuine issue of material fact. Rather, GTL offered only (1) an untimely and insufficient interrogatory response that indicates on the verification page that it is not based on personal knowledge, making it inadmissible hearsay and incompetent summary judgment evidence pursuant to Rule 56[1] and (2) an unauthenticated, unsponsored hearsay spreadsheet purporting to summarize a set of unattached, unauthenticated, unsponsored hearsay law firm invoices, which is likewise incompetent summary judgment evidence.[2] Securus objects to both of these exhibits under Federal Rule of Civil Procedure 56(c)(2) and Federal Rule of Evidence 802 and requests that the Court not consider them.

In short, GTL has put nothing before the Court upon which the Court could find a fact issue. Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of

---

[1] *Tesco Corp. v. Weatherford Int'l, Inc.*, 904 F. Supp. 2d 622, 636 (S.D. Tex. 2012) (citing *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 154 (5th Cir.1965) and noting "[i]nterrogatory responses may constitute competent summary judgment evidence if they satisfy the other requirements of Rule 56," and that "interrogatories not based on personal knowledge are not [competent summary judgment evidence.]").

[2] *Tesco Corp.*, 904 F. Supp. 2d at 636 (S.D. Tex. 2012) ("Similarly, the spreadsheet relied on by Tesco is not competent summary judgment evidence because it is undated and unauthenticated.").

the nonmoving party's case necessarily renders all other facts immaterial.[3] In the absence of competent summary judgment evidence, Securus is entitled to summary judgment.

**B.     GTL Has Not Disclosed an Expert Witness or a Sufficient Damage Computation to Overcome Summary Judgment.**

There is no support in Texas law for GTL's contentions that it need not (1) prove that its alleged attorney fees damages were reasonable and necessary or (2) designate an expert to offer an opinion on its alleged attorney fees damages.[4] As discussed below, regardless of whether a plaintiff seeks attorney fees as damages for breach of contract or as a statutory remedy for prevailing on a contract claim, the standard in Texas is the same: a plaintiff must prove that its attorney fees were reasonable and necessary, and it must do so with expert testimony.

Texas courts have previously addressed the standard for recovery of attorney fees as contract damages. For example, in *Lesikar v. Rappeport*, 33 S.W.3d 282, 306-07 (Tex. App.—Texarkana 2000, pet. denied), the plaintiff sought recovery of third-party litigation costs resulting from the defendant's breach of contract. The court held that, "[a]s in the traditional recovery of attorneys' fees, the plaintiff may recover as damages only those attorneys' fees that are reasonable and necessary." Likewise, the court in *Powell v. Narried*, 463 S.W.2d 43 (Tex. Civ. App.—El Paso 1971, writ ref'd n.r.e.), applied the same standard, writing:

> [W]here the natural and proximate consequence of a wrongful act has been to involve a plaintiff in litigation with others, there may, as a general rule, be a recovery in damages of the *reasonable* expenses incurred in such prior litigation ... but such expenses ... must have been incurred necessarily and in good faith, and the amount thereof must be reasonable.[5]

---

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

[4] There is no dispute that Texas law governs the relevant contract.

[5] *Id.* at 46 (emphasis added); s*ee also Nationwide Mut. Ins. Co. v. Holmes*, 842 S.W.2d 335, 340-41 (Tex. App.—San Antonio 1992, writ denied).

Further still, the Texas Supreme Court applied the reasonable and necessary standard in an attorney-fees-as-damages case in *Turner v. Turner,* 385 S.W.2d 230, 234 (Tex. 1964). While GTL contends that its recovery of attorney fees damages should be judged solely by the "natural, probable, and foreseeable consequence" standard to the exclusion of the reasonable and necessary requirement, it cites no supporting authority.[6] To state the obvious, the only attorney fees that would have been the "natural, probable and foreseeable consequence" of an alleged Securus breach would be those attorney fees that were reasonable and necessary, since holding otherwise would improperly relieve GTL of its burden to prove causation.

Having established that the applicable standard is whether a plaintiff's attorney fees were reasonable and necessary, the point remains that proving reasonable and necessary attorney fees requires competent expert testimony. As the Dallas Court of Appeals recently stated in *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 830-31 (Tex. App.—Dallas 2014, no pet.), "Texas law is clear that '[t]he issue of reasonableness and necessity of attorney's fees requires expert testimony.'"[7] Under Texas law, "[a]n attorney testifies as to reasonableness; the testifying attorney must be designated as an expert before he or she testifies."[8] As a result, lay witness testimony regarding the reasonableness and necessity of

---

[6] None of the cases cited by Securus is inconsistent with the general rule stated in *Mead v. The Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex. 1981), that "[i]n an action for breach of contract, actual damages may be recoverable when the loss is the natural, probable, and foreseeable consequence of the defendant's conduct." Moreover, *Mead* is distinguishable because the damages sought in that case were not attorney fees.

[7] *See id.* (citing *Twin City Fire Ins. Co. v. Vega–Garcia,* 223 S.W.3d 762, 770–71 (Tex. App.—Dallas 2007, pet. denied); *Phillips v. Phillips,* 296 S.W.3d 656, 671 (Tex. App.—El Paso 2009, pet. denied); *Cantu v. Moore,* 90 S.W.3d 821, 826 (Tex. App.—San Antonio 2002, pet. denied); *Woollett v. Matyastik,* 23 S.W.3d 48, 53 (Tex. App.—Austin 2000, pet. denied); *Ogu v. C.I.A. Services, Inc.,* No. 01–09–01025–CV, 2011 WL 947008, at *3 (Tex. App.—Houston [1st Dist.] Mar. 17, 2011, no pet.) (mem. op.); *Horvath v. Hagey,* No. 03–09–00056–CV, 2011 WL 1744969, at *9 (Tex. App.—Austin, May 6, 2011, no pet.) (mem. op.)); *Twin City Fire Ins. Co. v. Vega–Garcia,* 223 S.W.3d 762, 770 (Tex. App.—Dallas 2007, pet. denied) ("The issue of reasonableness and necessity of attorney's fees requires expert testimony.").

[8] *See Woodhaven Partners, Ltd.*, 422 S.W.3d at 830-31 (citing *Lesikar v. Rappeport,* 33 S.W.3d 282, 308 (Tex. App.—Texarkana 2000, pet. denied); *see also Nguyen Ngoc Giao v. Smith & Lamm, P.C.,* 714 S.W.2d 144, 148

attorney fees is not competent summary judgment evidence.[9] In its Rule 26(a)(1)(A)(i) disclosures, GTL failed to disclose any witness, much less an attorney, with knowledge about the attorney fees GTL reasonably and necessarily incurred in defending against Securus' patent infringement claims.[10] GTL's failure to properly and timely designate an expert witness on a fee award bars recovery of such fees under Texas law.[11]

Finally, GTL contends that it need not offer testimony because the Court can simply take judicial notice of its alleged damages. The cases GTL cites are inapposite, first, because they are all Chapter 38 cases, and none hold that a court may take judicial notice of one of the elements of a plaintiff's cause of action. The cases also appear to hold that a court may take judicial notice of the usual and customary rates charged in the area, which is merely one factor in a fees analysis, but not whether the fees were reasonable and necessary, which would require evidence. Indeed, one case GTL cites refers to Chapter 38.004, which allows courts to take judicial notice of

---

(Tex. App.—Houston [14th Dist.] 1986, no writ) ("An affidavit by an attorney representing a party in a suit, concerning an award of attorney's fees, whether in support of or in contradiction of an amount claimed to be reasonable, is admissible in a summary judgment proceeding and is considered expert testimony.")).

[9] *Woodhaven Partners, Ltd.*, 422 S.W.3d at 830-31 (citing *Cantu*, 90 S.W.3d at 826 (non-attorney testified as to appellate attorneys' fees; such testimony did not constitute expert testimony and award of appellate attorney fees reversed on appeal); *Woollett,* 23 S.W.3d at 53 (a "layman's unsupported assertion regarding reasonableness and necessity for attorney's fees does not support the payment of attorney's fees from the estate"); *Ogu,* 2011 WL 947008, at *3 (because counter-defendants, neither of whom were attorneys, did not designate themselves or qualify as experts on issues concerning attorneys' fees, trial court properly restricted their testimony concerning reasonableness and necessity of attorneys' fees); *Horvath,* 2011 WL 1744969, at *9 (lay witness's testimony as to what she paid her attorney was insufficient to support attorneys' fee award); *In the Interest of L.L.,* No. 04–08–00911–CV, 2010 WL 2403579, at *8 (Tex. App.—San Antonio June 16, 2010, no pet.) (mem. op.) *831 (party's testimony regarding her attorney's hourly rate and amount she had paid did not constitute expert testimony and trial court erred in awarding attorney's fees based on her testimony)).

[10] *See* Global Tel*Link Corporation's Amended Rule 26(a) Disclosures dated December 13, 2013 at 1-2, included in the Appendix to Securus' motion (Ex. A. App. 013, 014, 017-20).

[11] *E.F. Hutton & Co., Inc. v. Youngblood,* 741 S.W.2d 363, 364 (Tex. 1987) (*per curiam*) (reversing a fee award where plaintiff failed to identify an expert witness on the reasonableness of the fee claim in answering interrogatories and failed to show good cause for that failure); *15625 Ft. Bend Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 946 (S.D. Tex. 2014) (granting summary judgment); *Lesikar v. Rappeport,* 33 S.W.3d 282, 307–08 (Tex. App.—Texarkana 2000, pet. denied) (fee award reversed on appeal because plaintiff failed to offer expert testimony that the attorney's fees were reasonable and necessary).

reasonable rates in a given area in the context of bench trials and where fee amounts are presented by agreement, neither of which is applicable here.[12] Additionally, the cases also involved attorney fee claims for a small fraction of the millions that GTL seeks; in fact, in two instances the court took judicial notice of less than $15,000 in fees, rendering those cases inapposite on the facts alone.[13] But more obviously, the court in those cases took judicial notice based on *testimony* from a witness with knowledge, and in this case GTL has failed to offer the identity of any sponsoring witness, fact, expert, or otherwise.[14]

Contrary to GTL's assertions, GTL must have an expert to support its attorney fee allegations. GTL has not designated an expert witness, contends that it has no obligation to do so and offers no competent summary judgment evidence to defeat Securus' motion. Courts have previously granted summary judgment in situations like this, where the plaintiff has failed to designate an expert when expert testimony was required to prove damages.[15] Accordingly, the Court should grant Securus' motion.

## C.     GTL Has Not Complied With its Discovery Obligations and Has Not Sought Leave to Amend Its Expert Designations or Disclosures.

GTL cannot credibly contend that it sufficiently disclosed its damage model sometime prior to filing its September 11, 2015, response to Securus' summary judgment motion. First, there is no dispute that GTL was obligated by Federal Rule of Civil Procedure 26(a) to disclose a

---

[12] *Lee v. Perez*, 120 S.W.3d 463, 469 (Tex. App.—Houston 2003, no pet.).

[13] *See case law* cited in GTL's Response at p. 15.

[14] *See, e.g., TUA, Inc. v. Weeks*, No. 09-98-293CV, 1998 WL 880866, at *2 (Tex. App.—Beaumont 1998, pet. denied) (noting judicial notice based on testimony given).

[15] *15625 Ft. Bend Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 946 (S.D. Tex. 2014) (granting summary judgment); *Auto Indus. Supplier Employee Stock Ownership Plan v. Ford Motor Co.*, 435 F. App'x 430, 446 (6th Cir. 2011) (granting summary judgment on damages in absence of expert witness).

computation of its contract damages but has never, to this day, done so.[16] Second, GTL was asked in an interrogatory to provide an explanation of its contract damages, and while GTL offers that it amended its interrogatory "within three weeks of the close of discovery," that is an artful way saying that the interrogatory response was amended three weeks _after_ the close of discovery and _after_ Securus filed a motion for summary judgment. In any case, the interrogatory response provides nothing more than a raw total of almost $1.8 million in alleged attorney fees without any effort to explain whether such fees were reasonable and necessary. Third, GTL has not disclosed or identified in any capacity, even in its response, a fact or expert witness who might be expected to testify as to GTL's alleged attorney fees damages. Finally, GTL's production of over-redacted invoices not only fails to comply with Texas law regarding the necessity of detailed billing records for the recovery of attorney fees,[17] but GTL has likewise failed to offer a sponsoring witness or explanation of the raw figures contained in the invoices.

Incredibly, even though it did not comply with Rule 26, did not timely or sufficiently respond to Securus' interrogatory, and has never disclosed a fact or expert witness on that issue, GTL argues that there is no prejudice to Securus because Securus could have pieced GTL's damage model together by asking its non-lawyer corporate representatives about damages (even though they were not designated to testify about that topic), and by doing the "simple arithmetic" of adding the redacted law firm invoices together (including a law firm not involved in the

---

[16] As Securus noted in its motion, GTL's Amended Rule 26(a) Disclosures stated that GTL expected its damages computation "will be prepared by one or more experts and disclosed pursuant to the Scheduling Order and Discovery Plan entered by the Court." But GTL never supplemented this disclosure and has chosen not to designate an expert or fact witness.

[17] _El Apple I, Ltd. v. Olivas_, 370 S.W.3d 757, 764 (Tex. 2012) (requiring detailed billing records to prove reasonable and necessary attorney fees).

lawsuit).[18] But determining whether the attorney fees set forth in the redacted invoices were reasonably and necessarily incurred is not a matter of "simple arithmetic." To make the invoices meaningful requires not only that they be un-redacted but that they be explained by a competent expert witness who can testify regarding the reasonableness and necessity of, for example, hiring multiple law firms, of having multiple attorneys work on the same matter, of seeking recovery of fees charged by attorneys who are not counsel of record in this litigation, of the reasonableness of the billing attorneys' respective billing rates, whether the work billed for was conducted competently and efficiently and without unnecessary duplication of effort, and so forth. Under Texas law, moreover, "simple arithmetic" is not the standard for recovery of attorney fees, and GTL doesn't cite to any case saying that it is. And, it hardly bears stating that it has never been Securus' burden to guess GTL's damage model. To the contrary, the federal rules require GTL to affirmatively disclose its damage model, which it chose not to do.

GTL's failure to properly disclose its damage model, and most importantly, its failure to identify an expert (or even fact) witness with knowledge of its alleged damages, has deprived Securus of its right to meaningful discovery and to prepare a defense to GTL's damage theories. Courts have granted summary judgment for such failures to disclose damage models, and the Court should do so in this case, as well.[19]

---

[18] GTL concedes that its attorney fees invoices are not self-authenticating and insufficient on their own to establish its right to recover damages for breach of contract when its states "GTL expects to introduce its law-firm invoices at trial through one of the GTL witnesses identified in its Rule 26(a)(1) initial disclosures." *See* GTL Br. at 11. GTL is precluded from doing this, however, because none of those witnesses was identified as having knowledge of GTL's breach of contract damages, its attorney fees incurred in this litigation, or how and why its attorney fee invoices were prepared and redacted. *See* GTL's Amended Rule 26(a) Disclosures, included in Securus' Appendix (Ex. A, App. 013, 014, 017-020).

[19] *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 279 (5th Cir. 2009) (upholding summary judgment and stating, "[a]fter a review of the record, we agree that CQ failed to properly disclose the 'computations' for the various "categor[ies]" of damages it now complains of.").

## CONCLUSION

GTL's response fails to raise a genuine issue of material fact with respect to its alleged breach-of-contract damages.  GTL contends that it has sufficiently disclosed its damage model, which is clearly not the case, but more fundamentally, GTL has failed to offer competent summary judgment evidence of its breach of contract damages in response to Securus' motion. Accordingly, Securus is entitled to summary judgment on the claim.[20]

Respectfully submitted,

*/s/* Richard A. Sayles
Richard A. Sayles
(Lead Counsel)
   Texas State Bar No. 17697500
   dsayles@swtriallaw.com
Mark D. Strachan
   Texas State Bar No. 19351500
   mstrachan@swtriallaw.com
Darren P. Nicholson
   Texas State Bar No. 24032789
   dnicholson@swtriallaw.com
E. Sawyer Neely
   Texas State Bar No. 24041574
   sneely@swtriallaw.com

SAYLES | WERBNER, P.C.
1201 Elm Street, Suite 4400
Dallas, Texas 75270
214.939.8700 – Telephone
214.939.8787 – Facsimile

---

[20] Securus has also filed a motion to dismiss GTL's remaining, patent-infringement claims, which is currently before the Court.

Bruce S. Sostek
   Texas State Bar No. 18855700
   bruce.sostek@tklaw.com
Richard L. Wynne, Jr.
   Texas State Bar No. 24003214
   richard.wynne@tklaw.com

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700 – Telephone
214.969.1751 – Facsimile

G. Michael Gruber
   Texas Bar No. 08555400
   mgruber@ghetrial.com
Anthony J. Magee
   Texas Bar No. 00786081
   amagee@ghetrial.com
Robert E. Weitzel
   Texas Bar No. 24070823
   rweitzel@ghetrial.com

GRUBER HURST ELROD JOHANSEN
  HAIL SHANK LLP
Fountain Place
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
214.855.6800 – Telephone
214.855.6808 – Facsimile

ATTORNEYS FOR PLAINTIFF/COUNTERCLAIM-
DEFENDANT SECURUS TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

     I certify that on September 23, 2015, I caused a true and correct copy of the foregoing to be served via ECF on all counsel of record.

               /s Richard A. Sayles
               Richard A. Sayles