IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-03009-K |
| | § | |
| GLOBAL TEL*LINK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff/Counterclaim-Defendant Securus Technologies, Inc.'s Motion for Partial Summary Judgment (Doc. No. 181) (the "Motion for Summary Judgment"). The Court has reviewed the parties' briefs and all related filings and evidence, including the reply and response to the Motion for Summary Judgment and all evidence and appendixes filed in support of the parties' arguments and positions. The Court is of the opinion that the Motion for Summary Judgment should be **granted**.

I.     Background

   A.     Procedural

Plaintiff, Securus Technologies, Inc. ('Securus') initiated the current action by filing *Plaintiff's Original Complaint for Patent Infringement and Demand for Jury Trial*. In the Plaintiff's complaint, it alleged that Defendant, Global Tel*Link Corporation

("GTL") infringed upon certain patents owned by or assigned to Securus. Securus' claims for patent infringement have been dismissed by the Court by grant of summary judgment in favor of Defendant. These claims for patent infringement were dismissed by summary judgment because Securus had previously entered into a covenant not to sue, which protected GTL from the patent infringement lawsuit brought by Securus. GTL asserted counterclaims against Securus, including an assertion that Securus breached the covenant not to sue and that GTL was entitled to recovery of damages under a breach of contract theory. In the Motion for Summary Judgment, Securus asserts that it is entitled to summary judgment on the breach of contract action because GTL cannot prove damages at trial. The parties are in agreement that the covenant not to sue is governed by Texas law.

II.   Applicable Law - Summary Judgment Standard

Summary judgment is proper under Federal Rule of Civil Procedure 56 if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(a). A factual dispute is genuine if the evidence is sufficient that a reasonable trier of fact could return a verdict for the nonmoving party. *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997). If the moving party seeks summary judgment as to an opponent's claims or defenses, the "moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue

of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). Once the moving party meets this burden, the non-moving party must set forth specific facts showing a genuine issue for trial. *Little v Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When a party bears the burden of proof of an essential element and that party fails to make a showing sufficient to establish the existence of the essential element there is no dispute of material fact regarding the essential element and it is proper to grant summary judgment against the party with the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, s55s, 91 L. Ed. 2d 265 (1986).

III. The Motion For Summary Judgment

    A. Securus' Argument

Securus argues that GTL cannot prevail on its breach of the covenant not to sue because GTL cannot prove damages caused by this breach. When a party breaches a covenant not to sue, the damages caused by that breach are the costs and expenses of defending the litigation that the parties agreed would not happen under the covenant not to sue. Included in these damages are the attorney fees that a defendant would have to pay to defend the suit that violated the covenant not to sue. Securus argues, in the Motion for Summary Judgment, that GTL cannot prove these damages for two reasons: first, because GTL did not timely and properly respond to Securus' discovery requests regarding the calculation and amounts of damages; and second, because GTL

did not designate an attorney expert to testify as to the damages.

Regarding the first issue, that GTL did not properly respond to discovery, Securus asserts that it requested damage information from GTL in interrogatory and disclosure requests and that GTL did not respond to these requests. Securus further asserts that now discovery is closed in this matter, GTL cannot timely and properly respond to these requests. So, GTL should be barred from presenting any non disclosed damages at trial.

Regarding the second issue, that GTL cannot prove its damages at trial because it did not designate an attorney expert, Securus argues that these damages can only be proven through an expert who is an attorney and that GTL did not designate such an expert before the deadline to do so. So, since no expert is designated to testify at trial about these damages, GTL cannot prove the damages.

B.  GTL's Argument.

Regarding the first issue, that GTL did not properly respond to discovery requests about damages calculations, GTL argues that it did provide the information needed to determine the amount of damages claimed under the breach of the covenant not to sue. It argues that while it might not have formally responded to the requests, Securus was otherwise provided the necessary information by way of letter from GTL's attorney and that this letter and other documentation provided amount to otherwise providing the information requested and satisfy GTL's duty to respond to discovery.

Regarding the second issue, that GTL cannot prove damages because it did not designate an expert to do this, GTL argues that it does not need an expert to prove these damages. Instead, it argues that it can prove these damages through GTL's corporate representative witnesses, whom it has properly designated. GTL argues that even though the damages it seeks to prove are attorney fees, it does not need an expert witness to prove these damages because they are the natural and foreseeable consequence of breaching the covenant not to sue. GTL makes a distinction between this case, in which the attorney fees are the actual damages for the breach of contract and in the case where a party is attempting to recovery attorney fees incurred in bringing a breach of contract claim, where attorney fees incurred are not actual damages from the breach of contract. In the second case the attorney fees are those that are authorized by statute, and these fees must be reasonable and necessary in light of the litigation. GTL argues that this is not the type of damage that it seeks to recover. It argues that it seeks to recover actual damages from the breach of the covenant not to sue and that because of this there is no need or requirement to show that the attorney fees incurred are reasonable or necessary. So, the fees do not have to be proven by an attorney expert. According to GTL, all it needs to prove is that the fees were incurred as a result of the breach of the covenant not to sue, which it can do without an expert.

C. The Court's Analysis

The Court disagrees with Securus' first argument, that GTL cannot present

damage issues because GTL failed to properly respond to discovery, but the Court agrees with Securus' second argument that GTL must prove attorney fees through an expert who is an attorney.

Regarding the first argument, it appears from the record before the Court that Securus was provided with enough information about GTL's damages calculations so that Securus could properly determine the damages in this cause of action. It also appears that some of this information may have been provided after the time to respond. But if that was so, the mistake was not harmful to Securus because it was provided well before the trial setting in this matter. But, in light of the Court's assessment of Securus' second argument regarding the failure to designate an expert to testify to attorney fees, the Court finds that this argument is moot and declines to rule on it.

Regarding the argument that GTL cannot prove damages because it has not designated an expert, the Court agrees with Securus. Most of the case law regarding the level of proof needed to prove up attorney fees is in the context of proving up statutorily authorized attorney fees incurred in bringing an action. For example, the attorney fee recoveries allowed by Texas Civil Practices and Remedies Code Chapter 38, which allows for recovery of attorney fees incurred in successfully bringing a breach of contract claim and other types of claims. Securus argues that the standard for proving attorney fees in this case is the same as that under this Chapter 38. GTL

argues that because the attorney fees in this case are actual contract damages, this standard does not apply.

The Court disagrees with GTL. GTL approaches the matter by noting a difference in the type of damages that are being claimed, asserting that when actual damages are claimed, it is not necessary to use an expert to prove the attorney fees. The Court does not agree with this approach. The real question presented here is a question of evidence, not a question of damages. Why a party would need to prove attorney fees makes little difference in how those fees should be proven. If the claimed attorney fees are actual damages or if they are fees incurred in bringing an action, the standard of evidence needed to prove them is the same. In, the case of attorney fees, the rule is that an expert needs to testify as to these fees because they are outside the normal understanding of a lay person. *Twin City Fore Ins. Co. v. Vega-Garcia*, 223 S.W.3d 762, 770 (Tex. App.-Dallas 2007, rev. denied).

The Court sees two significant problems with GTL's argument. First, GTL is arguing that there are two different standards needed to prove up attorney fees. Under GTL's argument, one would need an expert to prove attorney fees incurred in bring an action but would not need to use an expert to prove attorney fees when those fees are actual damages. In either case, the amount of reasonable and necessary attorney fees is what needs to be proven. Under the statutorily authorized fees, this standard is set by statute. When the fees are claimed as the actual foreseeable damages of a breach of

contract, only those fees that are reasonable and necessary should be included in these damages because those are the only ones that are the foreseeable consequence of the breach. Under both situations, it is necessary to use an expert to prove that these fees are reasonable.

The second problem that the Court sees with GTL's analysis is that under GTL's analysis an expert would never be needed to prove actual damages. GTL does not provide any support for this argument besides pointing to the natural and foreseeable consequence standard for breach of contract damages. Just because claimed damages are a natural and foreseeable consequence of a breach of contract does not automatically mean that an expert is not needed to prove those damages. Again, this is a difference between the type of damages that one can claim in an action and the standard of proof needed to prove those damages. Under a breach of contract claim, the damages that can be recovered are those that are natural and foreseeable. Under an evidence standard, things that are outside of a lay person's understanding must be proven by an expert. There is no connection between these two standards that makes natural and foreseeable consequences automatically understandable by a lay person, which is what GTL appears to argue. In many situations, an expert is necessary to prove that the claimed damages are the foreseeable consequences of the breach. *Wortham Bros., Inc. v. Haffner*, 347 S.W.3d 356, 360-61 (Tex.App.—Eastland 2011) (expert opinion necessary to prove damages were reasonable and necessary); *Mustang*

*Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 200-201 (Tex. 2004) (reasonableness of contract damages needed to be proven by expert testimony); *see also Dallas Ry. & Terminal Co. v. Gossett*, 294 S.W.2d 377, 381-83 (Tex. 1956) (proof of amounts charged or paid is not presumptive evidence of reasonableness of the charges; therefore, without other evidence the charges are reasonable, recovery of such expenses will be denied).   This is one of those situations.

GTL further argues that even if an expert is needed to prove the attorney fees, granting summary judgment is not necessary because this Court can take judicial notice of the reasonable attorney fees. GTL points to Texas Civil Practices and Remedies Code Chapter 38 for support of this position. Under this chapter, when fees are statutorily authorized a judge may take judicial notice of usual and customary attorney fees and the contents of case file. CPRC §38.004. In addition, the usual and customary fees are presumed to be reasonable, unless rebutted. CPRC §38.003. But, what GTL fails to point out it that this statute only authorizes a judge to take judicial notice of fees and the case file only when the proceeding is before the court or in a jury case when the parties agree to submit the issue of fees to the court. TRCP §38.004. Neither of those conditions is met here and the Court sees no reason or authority to apply a different standard to this issue just because this chapter does not strictly apply to the fees in issue in this case.

D. Conclusion

In summary, the Court is of the opinion that the Motion for Summary Judgment should be granted because GTL cannot prove attorney fee damages for its breach of the covenant not to sue claim. These damages are the attorney fees incurred in defense of the litigation that Securus agreed not to bring but did bring, and the fees must be proven by an attorney expert. GTL has failed to designate an attorney expert to testify as to these fees and the time for designation of such an expert is passed. So, GTL cannot prove these damages at trial. Because GTL cannot prove an essential element of its breach of covenant not to sue, Securus is entitled to judgment as a matter of law. For these reasons, the Court **grants** the Motion for Summary Judgment.

SO ORDERED.

Signed November 2nd, 2015.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE